32 209
1dap119

# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* AUGUST MULLER, APPELLANT.

*Obscene photographs — whether or not they are obscene is a question for the jury — the pictures or photographs are to be exhibited to the jury — it is no defense to show that they are photographs of pictures publicly exhibited in other countries — Penal Code, sec. 317.*

The terms obscene and indecent, as used in section 317 of the Penal Code, declaring it to be a misdemeanor for any person " to sell, lend, give away, or offer to give away, or show, or to have in his possession with intent to sell or give away, or show, or advertise, or otherwise offer for loan, gift, sale or distribution, an obscene, or indecent book, writings, paper, picture, drawing or photograph," include all pictures, drawings and photographs of an indecent and immoral tendency, embracing such as are offensive to chastity, and demoralizing and sensual in their character, by exposing what purity and decency forbid to be shown, and which are productive of libidinous and lewd thoughts or emotions.

The legislature intended that the drawings, pictures, photographs or writings should be exhibited to and observed by the jury, for them to determine, as a matter of fact, in the exercise of their good sense and judgment, whether or not they were obscene or indecent.

Upon the trial of the defendant for selling photographs in violation of the said section, evidence was offered to show that the photographs were taken from pictures publicly exhibited in reputable European places.

*Held,* that the evidence was properly rejected, as it would not tend to change the. influence they were calculated to exert, and as the fact that they were tolerated in another country did not show their exhibition here was not a violation of the statute.

The defendant offered in evidence a number of photographs of a somewhat similar description to those upon which the indictment was founded, for the purpose of showing the manner in which the business of taking and selling photographs of females had been conducted and permitted by the public authorities.

*Held,* that the evidence was properly rejected for the reason that the photographs so offered in evidence were not as lewd and indecent as those sold by the defendant, and also because proof of the fact that other people had violated the law would not justify the defendant in doing so.

APPEAL from a judgment of the court of Oyer and Terminer of the city of New York, convicting the defendant of a misdemeanor.

*John D. Townsend,* for the appellant.

*John Vincent,* for the respondents.

DANIELS, J.:

The defendant was charged by the indictment with selling a certain indecent and obscene photograph representing a nude female in a lewd, obscene, indecent, scandalous and lascivious attitude and posture, and also with having in his possession divers lewd, scandalous, obscene and indecent photographs representing divers nude female figures in various lewd, indecent, immoral, lascivious, scandalous and obscene attitudes and postures, against the form of the statute in such case made, etc.

This indictment was presented under section 317 of the Penal Code, which has declared it to be a misdemeanor for any person to sell, lend, give away, or offer to give away, or show, or to have in his possession with intent to sell, or give away, or show, or advertise, or otherwise offer for loan, gift, sale or distribution an obscene or indecent book, writing, paper, picture, drawing, or photograph. Evidence was given upon the trial, under both of these counts of the indictment, showing the sale of card photographs by the defendant, and of his having in his possession or under his control for the general purposes of sale, in the course of his employment, other card photographs of the same description. These photographs were produced in evidence for the inspection and observation of the jury,

and there was no denial on the part of the defendant that such photographs were kept for sale in the store in which he was a clerk and were there exhibited and sold, as that was desired by customers dealing with him at the store. The statute has not particularly described what, within its intent and purpose, should be considered obscene or indecent. But as these are words of well known signification, it must have been intended by the legislature, in the enactment of this law, to use them in their popular sense and understanding. And they consequently include all pictures, drawings and photographs of an indecent or immoral tendency, intending to include as obscene such as are offensive to chastity, demoralizing and sensual in their character, by exposing what purity and decency forbid to be shown, and productive of libidinous and lewd thoughts, or emotions. The photographs produced upon the trial have been handed up on the argument of the appeal as they had been marked as exhibits upon the trial. They are photographs of nude females in a variety of attitudes and postures which the jury might very well, and naturally would, determine to be both indecent and obscene in their character. Ordinarily they would be so pronounced; although they would not exert the same demoralizing and sensual effects upon all persons alike, their judgment would be that these photographs and pictures would tend to promote vicious and sensual misconduct and prove injurious to the morals of the community, especially to those whose judgment and experience were not sufficient to control the impulses of their passions. And as the statute has given this general definition of the character of the acts constituting the offense, it must necessarily have been designed that the drawing, picture, photograph or writing, should be exhibited to and observed by the jury for them to determine as a matter of fact, in the exercise of their good sense and judgment, whether or not they were obscene and indecent. That was considered the proper course to be pursued in *Regina* v. *Hicklin* (L. R., 3 Q. B., 360, 1867, 1868), in which the justice's order was affirmed upon such action. It was approved in the Circuit Court of the United States in the case of the *United States* v. *Bennett*, in an elaborate opinion delivered by Mr. Justice BLATCHFORD, and it seems to be the only mode in which the charge made in the indictment could be properly tried, or the law itself vindicated or carried

into effect. The question in all these cases 'must be, what is the impression produced upon the mind by perusing or observing the writing or picture referred to in the indictment, and one person is as competent to determine that as another. Where the impression or conviction would be, in the case of a photograph or picture, that it is meretricious and intended to exhibit the arts of a harlot, or to induce or promote prostitution, or to offend decency and cause loose and shameless thoughts, there would be sufficient grounds to pronounce its sale, possession or exhibition, to be a violation of this section of the statute. The difference between such photographs and pictures and those which avoiding all indecency of position are calculated by their symmetry, beauty or purity, simply to inspire admiration, or produce emotions of chaste pleasure, is striking and apparent to all. In the one case the effect is coarse, demoralizing and sensual, while in the other the chaste elegance and beauty would not be debasing but refining by the degree of admiration produced by it. While the former class would be debasing and vicious, the latter would be productive of no such effects; and it is in this manner particularly that the photographs produced upon the trial and argument of this case are clearly distinguishable from those productions which are tolerated and commended by the intelligent judgment of the community. This difference is striking and apparent at once from the production itself, and requires no more than the observation of jurors to discover it and to distinguish that which is criminal under the terms of the law from that which may properly be held not to be prohibited by any of its provisions. In this case the jury exercised their judgment by means of the observation and examination of the photographs referred to in the indictment, and determined them to be of the vicious and immoral character prohibited by the statute. This court cannot say that they erred in their conclusions, but on the other hand the determination which they made seems to have been well sustained by the nature and character of the photographs themselves.

It was urged upon the trial, and evidence was offered to be given to establish the fact, that the photographs were taken from pictures publicly exhibited in reputable European places. But that proof would not change the nature of the influence they were calculated to exert, and would not relieve the defendant from the charge of

violating the provisions of the statute. If pictures of the same description were exhibited and tolerated elsewhere, that fact would be entitled to no effect in determining whether this statute had, or had not, been violated in their exhibition and sale within the county of New York.

The object of the law was to protect public morals, especially of that class of the community whose character is not so completely formed as to be proof against the lewd effects of the pictures, photographs and publications prohibited. And where it may be violated that violation would in no sense be relieved by proof that similar acts were tolerated by the public authorities of other States or countries.

The defendant offered in evidence a number of photographs of a somewhat similar description to those produced on the part of the prosecution, but not in such a state of complete nudity, and they were rejected by the court. This offer was made for the purpose of laying before the jury evidence of the manner in which the business of taking and selling female photographs had been conducted and permitted by the public authorities, and from them it probably was proposed to be argued that the defendant had not, so far, exceeded the license to be inferred from this neglect, as to be criminally culpable under this section of the statute. But if these photographs had been received, inasmuch as they differed in their lewd features from those relied upon in support of the prosecution, they could not have been of service to the defendant. For the license or liberty to publish and sell those which were offered in evidence, would fall far short of tolerating the possession, exhibition or sale of those upon which the prosecution was instituted. Still another answer exists to the offer of the evidence, and that is the fact that proving other persons to have violated the law would in no manner tend to the exculpation of the defendant, if his acts were in contravention of its provisions.

The court was not called upon to try the question whether the persons possessing or selling the photographs of the description offered by the defendant had violated the statute or not. No comparison could be required to be made between them and those upon which the issue in the case depended, for the purpose of determining intelligently whether the defendant was guilty of violating the

law or not. There was no view in which this evidence could have been of service to the defendant, or by which he, on account of it, could have been relieved from the consequences of his own acts. The introduction of the photographs would have been of no legal benefit to him, but might have injured his case by convincing the jury that there was great necessity for the interposition of the authorities and the enforcement of the law, to arrest and end this nefarious business. In the same view various copies of the publications known as the National Police Gazette, The Illustrated Police News, and the Weekly Varieties, were offered to be read in evidence upon the trial by the defendant's counsel, but they were rejected by the court.

If they had been received and entitled to the sanction of the court and jury, they would have afforded no assistance whatever to the defendant, because the photographs he was charged with selling and possessing, were so far in their lewdness in excess of those contained in these publications as to prevent him from shielding himself under the same liberty. If they did not violate the law in any of these publications, it would not follow that he had not been guilty, and if they did, then there was still greater reason for his conviction. For his offense was much more aggravated in its character.

It may be that some of these publications would be regarded by a jury of intelligent men as too obscene and indecent to be tolerated by even a liberal administration of the law. But whether they would or not is not now required to be even suggested in the disposition of this case. If further prosecutions shall be instituted the circumstances upon which they depend, will after that be more appropriate for the careful consideration of the court. There was no error in excluding any portion of the evidence offered to be given by the defendant upon the trial. Practically there was no doubt as to what he had done, and it was simply for the jury to say whether the articles he dealt in were obscene and indecent, or not, and that was to be chiefly determined from the appearance of those photographs. The evidence which was offered and rejected would in no manner, if it had been received, afford the defendant protection against the legal consequences of his acts.

At the close of the case several propositions were presented to the court which it was requested should be submitted to the jury,

but as they did not involve the point whether these particular photographs were obscene or indecent, it was not necessary that they should be submitted. They were more in the nature of abstract propositions, so far as this prosecution was concerned, than relating to the disposition of the case as it was presented by the evidence. It was not essential to the proper determination of the case that these matters should have been submitted to the jury.

If they had been their submission would have been of no service to the defendant, for the point would still remain for the consideration of the jury to determine, whether these particular photographs were obscene and indecent. They determined that against the defendant, and that fact, without reference to these general propositions, sufficiently brought the case within the statute to require his conviction.

By the judgment which was pronounced he was subjected to no severe degree of punishment; the object of the court being more especially to arrest and break up a traffic that cannot be carried on without endangering the good morals of the community, and it is probable that if other cases of this description shall be brought before the courts, in which a conviction may follow, that the same degree of leniency cannot be expected. The judgment in the case should be affirmed.

DAVIS, P. J., concurred.

Present.— DAVIS, P. J. and DANIELS, J.

So ordered.